KAPLAN, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

ICP ASSET MANAGEMENT, LLC, et al.,

Defendants and
Relief Defendants.

No. 10 Civ. 4791 (LAK) (JCF)
ECF Case



## FINAL JUDGMENT AS TO DEFENDANTS
## THOMAS C. PRIORE, ICP ASSET MANAGEMENT LLC,
## ICP SECURITIES, LLC, AND INSTITUTIONAL CREDIT PARTNERS, LLC

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendants Thomas C. Priore ("Priore"), ICP Asset Management, LLC ("ICP"), ICP Securities,

LLC ("ICPS"), and Institutional Credit Partners, LLC ("ICP Holdco") (collectively

"Defendants") having entered a general appearance; consented to the Court's jurisdiction over

them and the subject matter of this action; consented to entry of this Final Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings

of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that each of the

Defendants and their agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that each of the Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violations of, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant ICPS and its agents, servants, employees, attorneys, and all persons in active concert

or participation with them who receive actual notice of this Final Judgment by personal service

or otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 15(c)(1)(A) of the Exchange Act [15 U.S.C. § 78o(c)(1)(A)] and Rule 10b-3 [17 C.F.R.

240.10b-3], by the use of any means or instrumentality of interstate commerce, or of the mails, or

of any facility of any national securities exchange, by using or employing, in connection with the

purchase or sale, or the inducement or attempted inducement of the purchase or sale, of securities

otherwise than on a national securities exchange, any act, practice, or course of business that

constitutes a manipulative, deceptive, or other fraudulent device or contrivance.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Priore and ICP and their agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from aiding and abetting

any violation of Section 15(c)(1)(A) of the Exchange Act [15 U.S.C. § 78o(c)(1)(A)] and Rule

10b-3 [17 C.F.R. 240.10b-3] by knowingly providing substantial assistance to a broker or dealer

that, through the use of any means or instrumentality of interstate commerce, or of the mails, or

of any facility of any national securities exchange, uses or employs, in connection with the

purchase or sale, or the inducement or attempted inducement of the purchase or sale, of securities

otherwise than on a national securities exchange, any act, practice, or course of business that constitutes a manipulative, deceptive, or other fraudulent device or contrivance.

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Priore and ICP and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violations of, directly or indirectly, Sections 206(1) or 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), (2)] by, while acting as an investment adviser or associated person of an investment adviser, using the mails or any means or instrumentality of interstate commerce:

    (a)    employing any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**VI.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants ICPS and ICP Holdco and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 206(1) or 206(2) of the Advisers Act [15 U.S.C. § 80b-6(1), (2)] by knowingly providing substantial assistance to an investment adviser or associated person of an investment adviser that, using the mails or any means or instrumentality of interstate

4

commerce:

    (a)    employs any device, scheme, or artifice to defraud any client or prospective

            client; or

    (b)    engages in any transaction, practice, or course of business which operates as a

            fraud or deceit upon any client or prospective client.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Priore and ICP and their agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from violating, or aiding

and abetting violations of, directly or indirectly, Section 206(3) the Advisers Act [15 U.S.C. §

80b-6(3)] by, while acting as an investment adviser or associated person of an investment

adviser, using the mails or any means or instrumentality of interstate commerce, acting as

principal for its or his own account, knowingly selling any security to or purchasing any security

from a client, or acting as broker for a person other than such client, knowingly effecting any

sale or purchase of any security for the account of such client, without disclosing to such client in

writing before the completion of such transaction the capacity in which he is acting and

obtaining the consent of the client to such transaction.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Priore and ICP and their agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from violating, or aiding

and abetting violations of, directly or indirectly, Section 206(4) the Advisers Act [15 U.S.C. § 80b-6(3)] and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8] by, while acting as an investment adviser or associated person of an investment adviser, using the mails or any means or instrumentality of interstate commerce:

    (a)    engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

    (b)    while acting as an investment adviser or associated person of an investment adviser to a pooled investment vehicle:

        (1)    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

        (2)    otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants ICPS and ICP Holdco and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 206(4) the Advisers Act [15 U.S.C. § 80b-6(3)] and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8] by knowingly providing substantial assistance to

an investment adviser or associated person of an investment adviser that, using the mails or any means or instrumentality of interstate commerce:

    (a)    engages in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

    (b)    while acting as an investment adviser or associated person of an investment adviser to a pooled investment vehicle:

        (1)    makes any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

        (2)    otherwise engages in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Priore and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Sections 10(b) or 15(c)(1)(A) of the Exchange Act and Rules 10b-3 or 10b-5 thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, or the inducement or attempted inducement of the purchase or sale:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

    (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; or

    (d)      using or employing any act, practice, or course of business that constitutes a manipulative, deceptive, or other fraudulent device or contrivance

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant ICP and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 204 of the Advisers Act of 1940 [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. 275.204-2], while acting as an investment adviser or associated person of an investment adviser, by failing to make, keep, maintain on its premises, and provide to the Securities and Exchange Commission all required records, including but not limited to

    (a)      a memorandum of each order given by the investment adviser for the purchase or sale of any security, of any instruction received by the investment adviser concerning the purchase, sale, receipt or delivery of a particular security, and of any modification or cancellation of any such order or instruction, showing the

terms and conditions of the order, instruction, modification or cancellation,
identifying the person connected with the investment adviser who recommended
the transaction to the client and the person who placed such order, and showing
the account for which entered, the date of entry, and the bank, broker or dealer by
or through whom executed where appropriate; and

(b)     all written agreements (or copies thereof) entered into by the investment adviser
with any client.

## XII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that
Defendant ICP and its agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section
206(4) of the Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17
C.F.R. 275.206(4)-7], while acting as an investment adviser or associated person of an
investment adviser, by failing to adopt and implement written policies and procedures reasonably
designed to prevent violation, by the adviser and its supervised persons, of the Advisers Act and
the rules that the Securities and Exchange Commission has adopted under the Advisers Act.

## XIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants ICP
and ICP Holdco are liable, on a joint and several basis, for disgorgement in the amount of
$13,916,005 and prejudgment interest of $3,709,028. Defendants ICP and ICP Holdco shall
satisfy this obligation by paying $17,625,033 to the Securities and Exchange Commission within
14 days after entry of this Final Judgment. Defendants ICP and ICP Holdco may transmit

9

payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants ICP and ICP Holdco may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to: Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; ICP Asset Management, LLC and Institutional Credit Partners, LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendants ICP and ICP Holdco shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants ICP and ICP Holdco relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to them. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants ICP and ICP Holdco shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**XIV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant ICP is liable for a civil penalty in the amount of $650,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant ICP shall satisfy this obligation by paying $650,000 to the Securities and Exchange Commission within 14 days after entry of this

Final Judgment.  Defendant ICP may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be

made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant ICP may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to: Enterprise Services Center,

Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169,

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; ICP Asset Management, LLC as a defendant in this action; and specifying that

payment is made pursuant to this Final Judgment.  Defendant ICP shall simultaneously transmit

photocopies of evidence of payment and case identifying information to the Commission's

counsel in this action.  By making this payment, Defendant ICP relinquishes all legal and

equitable right, title, and interest in such funds and no part of the funds shall be returned to it.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest

by moving for civil contempt (and/or through other collection procedures authorized by law) at

any time after 14 days following entry of this Final Judgment.  Defendant ICP shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant ICP

Securities is liable for disgorgement in the amount of $1,637,581, prejudgment interest in the

amount of $301,893, and a civil penalty in the amount of $1,939,474 pursuant to Section 20(d) of

the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)],

and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant ICP Securities shall

satisfy this obligation by paying $3,878,948 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Defendant ICP Securities may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant ICP Securities may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to: Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; ICP Securities, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant ICP Securities shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant ICP Securities relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to it. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant ICP Securities shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XVI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Priore

is liable for disgorgement in the amount of $797,337, prejudgment interest in the amount of

$215,045, and a civil penalty in the amount of $487,618 pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and

Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant Priore shall satisfy this

obligation by paying pursuant to the terms of the payment schedule set forth in paragraph XVII

below.  Defendant Priore may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made

directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant Priore may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to: Enterprise Services Center,

Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169,

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Thomas C. Priore as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.  Defendant Priore shall simultaneously transmit photocopies of

evidence of payment and case identifying information to the Commission's counsel in this

action.  By making this payment, Defendant Priore relinquishes all legal and equitable right, title,

and interest in such funds and no part of the funds shall be returned to him.  The Commission

may enforce the Court's judgment for disgorgement and prejudgment interest by moving for

civil contempt (and/or through other collection procedures authorized by law) at any time after

14 days following the deadlines for payment of disgorgement and prejudgment interest set forth

13

in paragraph XVII below.  Defendant Priore shall pay post judgment interest on any delinquent

amounts pursuant to 28 U.S.C. § 1961.

<h2 style="text-align:center">XVII.</h2>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Priore

shall pay the total amount due of $1,500,000 in five installments to the Commission according to

the following schedule:  (1) $100,000 within 14 days of entry of this Final Judgment;

(2) $350,000 plus post judgment interest of $163 within 100 days of entry of this Final

Judgment; (3) $350,000 plus post judgment interest of $309 within 190 days of entry of this

Final Judgment; (4) $350,000 plus post judgment interest of $454 within 280 days of entry of

this Final Judgment; and (5) $350,000 plus post judgment interest of $587 within 360 days of

entry of this Final Judgment.  Payments shall be deemed made on the date they are received by

the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28

U.S.C. § 1961 on any unpaid amounts due under this Final Judgment.  All payments made by

Defendant Priore under this judgment (in excess of post judgment interest due) shall be credited

first against the $487,618 civil money penalty until paid in full, thereafter against the $215,045 in

prejudgment interest until paid in full, and thereafter against the $797,337 in disgorgement.

Prior to making the final payment set forth herein, Defendant Priore shall contact the staff of the

Commission for the amount due for the final payment.

If Defendant Priore fails to make any payment by the date agreed and/or in the amount

agreed according to the schedule set forth above, all outstanding payments under this Final

Judgment, including post-judgment interest, minus any payments made, shall become due and

payable immediately at the discretion of the staff of the Commission without further application

to the Court.

## XVIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commission

shall hold the funds paid pursuant to paragraphs XIII, XIV, XV, XVI, and XVII above, together

with any interest and income earned thereon (collectively, the "Fund"), pending further order of

the Court.  The Commission may propose a plan to distribute the Fund subject to the Court's

approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

jurisdiction over the administration of any distribution of the Fund.  If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Final Judgment to the United States Treasury.  Regardless of whether any such

Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this

Final Judgment shall be treated as penalties paid to the government for all purposes, including all

tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after

offset or reduction of any award of compensatory damages in any Related Investor Action based

on Defendants' payment of disgorgement in this action, argue that it or he is entitled to, nor shall

it or he further benefit by, offset or reduction of such compensatory damages award by the

amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If

the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within

30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel

in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil

penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final

Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages

15

action brought against a Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### XIX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the annexed Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### XX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**CONSENT OF DEFENDANTS THOMAS C. PRIORE, ICP ASSET MANAGEMENT
LLC, ICP SECURITIES, LLC, AND INSTITUTIONAL CREDIT PARTNERS, LLC**

1.  Defendants Thomas C. Priore ("Priore"), ICP Asset Management, LLC ("ICP"),
ICP Securities, LLC ("ICPS"), and Institutional Credit Partners, LLC ("ICP Holdco") each
acknowledges having been served with the complaint in this action, enters a general appearance,
and admits the Court's jurisdiction over him or it and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to
personal and subject matter jurisdiction, which each Defendant admits), each Defendant hereby
consents to the entry of the final Judgment in the form annexed hereto (the "Final Judgment")
and incorporated by reference herein, which, among other things:

   (a)  permanently restrains and enjoins the Defendants from violating, or aiding
and abetting violations of, Section 17(a) of the Securities Act of 1933 (the
"Securities Act"), Sections 10(b) and 15(c)(1)(A) of the Securities
Exchange Act of 1934 (the "Exchange Act") and Rules 10b-3 and 10b-5
thereunder, and Sections 206(1), 206(2), and 206(4) of the Investment
Advisers Act of 1940 (the "Advisers Act") and Rule 206(4)-8 thereunder;
Defendants Priore and ICP from violating Section 206(3) of the Advisers
Act; Defendant ICP from violating Sections 204 and 206(4) of the
Advisers Act and Rules 204-2 and 206(4)-7 thereunder; and Defendant
Priore from controlling any person who violates Sections 10(b) or
15(c)(1)(A) of the Exchange Act and Rules 10b-3 or 10b-5 thereunder;

   (b)  orders Defendants ICP and ICP Holdco to pay, on a joint and several
basis, disgorgement in the amount of $13,916,005 and prejudgment
interest of $3,709,028; Defendant ICPS to pay disgorgement in the amount

of $1,637,581 and prejudgment interest in the amount of $301,893; and

Defendant Priore to pay disgorgement in the amount of $797,337 and

prejudgment interest in the amount of $215,045; and

(c)   orders Defendant ICP to pay a civil penalty in the amount of $650,000;

Defendant ICPS to pay a civil penalty in the amount of $1,939,474; and

Defendant Priore to pay a civil penalty in the amount of $487,618

pursuant to Section 20(d) of the Securities Act, Section 21(d) of the

Exchange Act, and Section 209(e) of the Advisers Act.

3.     Each Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, each Defendant agrees that it or he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on that Defendant's payment of disgorgement in this action, argue that it or he is entitled to, nor shall it or he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of that Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, each Defendant agrees that it or he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a

"Related Investor Action" means a private damages action brought against a Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Each Defendant agrees that he or it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Each Defendant further agrees that he or it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that such Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Each Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Each Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Each Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce that Defendant to enter into this Consent.

8.      Each Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Each Defendant will not oppose the enforcement of the Final Judgment on the

ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Each Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to that Defendant of its terms and conditions. Each Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that such Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against the Defendants in this civil proceeding. Each Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Each Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Each Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, each Defendant understands that he or it shall

20

not be permitted to contest the factual allegations of the complaint in this action.

12.     Each Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, each Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, that Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If a Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment as to him or it and restore this action to its active docket. Nothing in this paragraph affects a Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Each Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by that Defendant to defend against this action. For these purposes, each Defendant agrees that such Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Each Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

21

15.     Each Defendant agrees that this Court shall retain jurisdiction over this matter for

the purpose of enforcing the terms of the Final Judgment.

**DEFENDANT THOMAS C. PRIORE**

Dated: August 14th, 2012

Thomas C. Priore

On August 14, 2012, Thomas C. Priore, a person known to me, personally
appeared before me and acknowledged executing the foregoing Consent.

MARIE DE SANTOS
Notary Public, State of New York
No. 01DE6238253
Qualified in New York County
Commission Expires February 28, 2015

Notary Public
Commission expires: 2/28/15

**DEFENDANT ICP ASSET MANAGEMENT,
LLC**

Dated: August 14th, 2012

By:
Thomas C. Priore
Title: President/CEO
Address: 1120 Avenue of the Americas, Suite 1507
New York, NY 10036

On August 14, 2012, Thomas C. Priore, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of ICP Asset Management, LLC as its President.

MARIE DE SANTOS
Notary Public, State of New York
No. 01DE6238253
Qualified in New York County
Commission Expires February 28, 2015

Notary Public
Commission expires: 2/28/15

**DEFENDANT ICP SECURITIES, LLC**

Dated: August 14th, 2012

By:
Thomas C. Priore
Title: President/CEO
Address: 1120 Avenue of the Americas, Suite 1507
New York, NY 10036

On August 14, 2012, Thomas C. Priore, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full

08/14/2012 TUE 16:43  FAX                                                    @003/003

authority to do so on behalf of ICP Securities, LLC as its *President* .

*Marie A. De Santos*
MARIE DE SANTOS
Notary Public, State of New York
No. 01DE6236253
Qualified in New York County
Commission Expires February 28, 2015

Dated: August 14th , 2012

**DEFENDANT INSTITUTIONAL CREDIT
PARTNERS, LLC**

By: _Thomas C. Priore_
Thomas C. Priore
Title: President/CEO
Address: 1120 Avenue of the Americas, Suite 1507
New York, NY 10036

On _August 14_ , 2012, _Thomas C. Priore_ , a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of Institutional Credit Partners, LLC as its *President* .

Approved as to form:

_Margaret A. Keeley / pkge_
Margaret A. Keeley
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
Tel: (202) 434-5000
*Attorneys for Defendants Thomas C. Priore,*
*ICP Asset Management, LLC, ICP Securities, LLC,*
*and Institutional Credit Partners, LLC*

*Marie A. De Santos*
MARIE DE SANTOS
Notary Public, State of New York
No. 01DE6236253
Qualified in New York County
Commission Expires February 28, 2015

Dated: **Sept. 5** , 2012
New York, New York

_____
UNITED STATES DISTRICT JUDGE