UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>ICP ASSET MANAGEMENT, LLC,<br>ICP SECURITIES, LLC,<br>INSTITUTIONAL CREDIT PARTNERS, LLC, and<br>THOMAS C. PRIORE,<br>Defendants,<br><br>-and-<br><br>THOMAS C. PRIORE,<br>LORI A. PRIORE, and<br>BERTRAND H. SMYERS,<br>Relief Defendants. | Case No.: 10-cv-4791- LAK-JCF<br><br>~~(Proposed)~~ Order Appointing a Distribution Agent, Discharging the Fund Administrator, and Related Relief |

The Court having reviewed the Motion of Plaintiff Securities and Exchange Commission (the "SEC") for an Order appointing RCB Fund Services LLC ("RCB") as distribution agent for the Fair Fund previously established in this action; discharging the previously appointed Fund Administrator; and authorizing payment of RCB's administrative fees and expenses from the Fair Fund established in this case (the "Fair Fund") without further Court Order;

And for good cause shown,

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED**;

2. Nichola L. Timmons, an SEC employee, is hereby discharged as Fund Administrator of the Fair Fund;

3. RCB is appointed as the Distribution Agent (the "Distribution Agent") for the Fair Fund, to oversee the administration and distribution of the Fair Fund in coordination with the

SEC's counsel of record and pursuant to a distribution plan (the "Plan") to be approved by this Court. The Distribution Agent will, among other things:

a) Perform services in accordance with the pricing schedule and cost proposal submitted by the Distribution Agent to the SEC;

b) Work with the SEC's counsel of record in advance of proposing the Plan to the Court to provide notice to investors who may be eligible for a recovery from the Fair Fund with details regarding the factors that will be considered in developing a plan of eligibility (the "Notice"). The notice will invite investors to submit a Claim Form and/or other form detailing their direct or indirect participation with the following collateralized debt obligations: Triaxx Funding High Grade I, Ltd. CDO; Triaxx Prime CDO 2006-1; Triaxx Prime CDO 2006-2; and Triaxx Prime CDO 2007-1 during a defined relevant period; and to describe why the investor should be eligible for a recovery from the Fair Fund;

c) Simultaneous with issuing the Notice:

1. establish and maintain a website dedicated to the Fair Fund at www.ICPFairFund.com to make available in downloadable form the approved Notice, Claim Form, Court Orders relevant to the distribution, and such other information that the Distribution Agent believes will be beneficial to investors;

2. establish and maintain a traditional mailing address and an email mailing address which will be listed on all correspondence from the Distribution Agent to investors as well as on the Fair Fund's website; and

3. establish and maintain a toll-free telephone number for investors to call and speak to a live representative of the Distribution Agent during its regular business hours or, outside of such hours, to hear pre-recorded information about the Fair Fund.

2

d) Respond to investor and distribution related inquiries;

e) Work with the SEC's counsel of record and the retained economic expert to establish a process to evaluate and verify claims;

f) Work with the SEC staff and the retained economic expert to finalize the Plan based among other things, on submitted Claim Forms and whether they adequately demonstrate an economic loss related to the misconduct underlying the Complaint;

g) Work with the retained economic expert to determine distribution payments under the Plan;

h) Engage an independent, third-party firm, not unacceptable to the SEC staff, to perform a set of agreed upon procedures, review a statistically significant sample of claims and ensure accurate and comprehensive application of the Plan and other Court Orders;

i) Calculate a reserve for fees, expenses, and taxes (the "Reserve") and perform all activities necessary for the distribution of Fair Fund net the Reserve in accordance with the Plan;

j) Coordinate with the Court-appointed Tax Administrator to ensure timely compliance with all tax related obligations;

k) File with the Court or provide to the SEC's counsel of record to file with the Court, a status report within forty-five (45) days of Court approval of the Plan, and provide additional reports within twenty (20) days after the end of every quarter thereafter. Upon establishing an escrow account into which the monies in the Fair Fund are transferred, the Distribution Agent

3

will include a quarterly accounting report, in a format to be provided by the SEC, in the status report. The status report will inform the Court and the SEC of the activities and status of the Fair Fund during the relevant reporting period and the quarterly accounting report will specify, at a minimum:

i) The location of the account(s) comprising the Fair Fund; and

ii) After the Fair Fund has been transferred from the SEC to an escrow account established by the Distribution Agent, an interim accounting of all monies in the Fair Fund as of the most recent month-end, including the value of the account(s), all monies earned or received into the account(s), funds distributed to eligible claimants under the Plan, and any monies expended from the Fair Fund to satisfy fees, expenses, and taxes, incurred or required in the administration of the Fair Fund or the implementation of the Plan; and

l) Comply with any Court-approved distribution plan and all Court orders.

4. The Distribution Agent will be entitled to charge reasonable fees and related expenses incurred in the performance of its duties, in accordance with the cost proposal submitted to the SEC's counsel of record. The SEC is authorized to approve and arrange payment of the fees and expenses of the Distribution Agent directly from the Fair Fund without further order of this Court. The Distribution Agent will submit invoices of all fees and expenses incurred in connection with its duties to the SEC's counsel of record for review and, as appropriate, payment. All payments will be reflected in the final accounting referenced herein.

5. Upon completing its duties as set forth herein, the Distribution Agent, in consultation with the previously appointed Tax Administrator, will jointly provide to the SEC's counsel of record a final accounting in a form provided by the SEC's counsel of record; a final report providing statistics related to the distribution, including amounts disbursed to investors, amounts returned and/or not delivered or negotiated, outreach efforts on unnegotiated payments and the costs and results of the same, and statistics concerning payments made to individuals and entities; and an affidavit in a format acceptable to the SEC's counsel of record summarizing its activities as Distribution Agent.

6. The Distribution Agent may be removed *sua sponte* at any time by the Court or upon motion of the SEC and replaced with a successor. In the event the Distribution Agent decides to resign, it must first give written notice to the SEC's counsel of record and the Court of its intention, and resignation, if permitted, will not be effective until the Court has appointed a successor. The Distribution Agent will then follow instructions from the Court or a successor for relinquishing its duties, including all records related to Fair Fund monies and property. Unless otherwise ordered, the Distribution Agent will within thirty (30) days of the notice of resignation or removal, file with the Court a final accounting and a report of its activities as further set forth above in paragraph 5, and provide any other information requested by the SEC, the Court, or the successor.

7.  The Court will retain exclusive jurisdiction over the distribution, including, but not limited to, claims against the Distribution Agent asserting liability for violation of any duty imposed by a Court-approved distribution plan or other Court order.

IT IS SO ORDERED.

Dated: ____8/17____, 2020

_____
Lewis A. Kaplan
U.S. District Judge